UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-139-BAH |
| | : | |
| CHRISTOPHER CARNELL, | : | |
| DAVID WORTH BOWMAN | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS SENTENCING MEMORANDA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this supplement to its sentencing memoranda in this case, ECF 110, 111.

The government is aware that in the sentencing hearing on May 31, 2024 in *United States v. Todd*, No. 22-cr-166, this Court found two, separate groups under U.S.S.G. § 3D1.2 based on two, separate victims: Congress and an individual officer. Todd was convicted of 18 U.S.C. § 1512(c)(2) (Count 1), 18 U.S.C. § 231(a)(3) (Count 2), 18 U.S.C. § 1752(a)(1) (Count 3), 18 U.S.C. § 1752(a)(2) (Count 4), 40 U.S.C. § 5104(e)(2)(D) (Count 5), and 40 U.S.C. § 5104(e)(2)(G) (Count 6). The Court found that Counts 1 and 3 formed a group with Congress as the victim and that Counts 2 and 4 formed a second group with the individual officer as the victim.

The government's sentencing memoranda in this case, also filed on May 31, 2024, concluded that each of the five counts of conviction group as one. ECF 110, 111. Bowman and Carnell were convicted of 18 U.S.C. § 1512(c)(2) (Count 1), 18 U.S.C. § 1752(a)(1) (Count 2), 18 U.S.C. § 1752(a)(2) (Count 3), 40 U.S.C. § 5104(e)(2)(D) (Count 4), and 40 U.S.C. § 5104(e)(2)(G) (Count 5). While the government maintains its position that Counts 1-3 form a single group in this case because Congress has been identified as the victim as to all three counts,

1

the government nonetheless appreciates this Court's decision in *Todd*. Although the charges and counts of conviction in *Todd* are distinct from this case, to the extent the Court adopts the same grouping analysis herein as the one it applied in *Todd*, both defendants here would be subject to an additional two-level increase on the total offense level and their adjusted offense level under the Guidelines would be 12 for Bowman (10-16 months imprisonment) and 14 for Carnell (15-21 months imprisonment).

Nonetheless, the government maintains its sentencing recommendation for each defendant based on the appropriate comparators, the guidelines, and the factors set forth in Section 3553(a).

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar No. 481052

By:    */s/ Jordan A. Konig*
          JORDAN A. KONIG
          Supervisory Trial Attorney
          Tax Division, U.S. Department of Justice
          Detailed to the U.S. Attorney's Office
          P.O. Box 55, Washington, D.C. 20044
          Jordan.A.Konig@usdoj.gov
          Tel.: 202-305-7917

          SAMANTHA R. MILLER
          Assistant United States Attorney
          New York Bar No. 5342175
          United States Attorney's Office
          For the District of Columbia
          601 D Street, NW 20530
          Samantha.Miller@usdoj.gov