UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CASE NO. 23-cr-139 (BAH)** |
| v. | : | |
| | : | |
| **CHRISTOPHER CARNELL, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S SURREPLY TO DEFENDANTS' JOINT REPLY BRIEF**

Consistent with the Government's Notice to the Court Regarding Proposed Surreply, ECF No. 134, the government hereby responds to Defendants Christopher Carnell and David Worth Bowman's Joint Reply to ECF No. 131. *See* ECF No. 133. Defendants' reply brief raises new arguments and fundamentally misinterprets the substantive and procedural posture of this case. None of Defendants' arguments raised in the reply brief alters the conclusion that the only remedy available to Defendants is to vacate their convictions and set the case for retrial on Count One. *See United States v. Reynoso*, 38 F.4th 1083, 1090-91 (D.C. Cir. 2022).

**I.      The Double Jeopardy Clause does not bar retrial.**

Although Defendants' original motions did not raise the issue, *see* ECF Nos. 124, 125, Defendants now contend that vacatur followed by retrial would run afoul of the Double Jeopardy Clause. ECF No. 133 at 9-11. This argument is incorrect; it proceeds from a faulty premise and is directly precluded by precedent binding on this Court. *See Reynoso*, 38 F.4th at 1090-91; *United States v. Benton*, 98 F.4th 1119, 1132 (D.C. Cir. 2024).

Double jeopardy does not bar retrial because a retrial where, as here, a legal error requires vacating a conviction.  Defendants contend that because they "were already tried and found guilty

of Count One," ECF No. 133 at 10, they cannot be prosecuted again, because double jeopardy principles mandate that a defendant who "has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense," *id.* at 9 (quoting *In re Nielsen*, 131 U.S. 176, 189 (1889)). But *Nielsen* and its progeny do not apply when a defendant has been convicted for a crime and that conviction *is vacated* and no longer stands. "The principle that [the Double Jeopardy Clause] does not preclude the Government's retrying a defense whose conviction is set aside because of an error in the proceedings leading to a conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence." *United States v. Tateo*, 377 U.S. 463, 465 (1964). Thus, "[w]hen a conviction is overturned on appeal, '[t]he general rule is that the [Double Jeopardy] clause does not bar reprosecution." *Bravo-Fernandez v. United States*, 580 U.S. 5, 18-19 (2016) (quoting *Justice of Boston Municipal Court v. Lydon*, 446 U.S. 294, 308 (1984)).

As the Supreme Court explained in *Bravo-Fernandez*, "by permitting a new trial post vacatur, the continuing-jeopardy rule serves both society's and criminal defendants' interests in the fair administration of justice," ensuring both that society does not pay the "'high price'" of granting every accused immunity from punishment any time there is reversible error, and that criminal defendants can rest easy that appellate courts are "'as zealous as they are now in protecting against the effects of improprieties at the trial or pretrial stage,'" knowing that not every reversal will ultimately result in loss of a conviction. 580 U.S. at 18-19 (quoting *Tateo*, 377 U.S. at 466 (1964)).

Defendants thus approach the Double Jeopardy question from the wrong angle. The pertinent question here, where the parties agree the original trial now contains reversible error

2

because of the Supreme Court's holding in *Fischer v. United States*, 144 S. Ct. 2176 (2024), is not whether Defendants were *convicted* in their first trial (they were), but whether they have an avenue available to them now that would result in an *acquittal* rather than vacatur, such that the Double Jeopardy clause "protects against a second prosecution for the same offense after acquittal." *Bravo-Fernandez*, 580 U.S. at 9 (internal citation omitted). The D.C. Circuit has answered that question: no.

In *United States v. Reynoso*, the D.C. Circuit held that "a defendant cannot make out a sufficiency challenge as to offense elements that the government had no requirement to prove at trial under then-prevailing law." 38 F.4th at 1091. At the time of Defendants' first trial, "then-prevailing law"—i.e., the D.C. Circuit's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023)— provided that the elements of 18 U.S.C. § 1512(c)(2) applied by the Court in this case did not include a requirement that the defendant's obstructive conduct had to impair the availability of a document, record, or other object. *See United States v. Brock*, 94 F.4th 39, 47 (D.C. Cir. 2024) (declining to reach sufficiency challenge, citing *Reynoso*, because the D.C. Circuit's decision in *Fischer* was prevailing law at the time of the appeal); *see also* ECF No. 79 (denying motions to dismiss Count One based on D.C. Circuit's ruling in *Fischer*). As the D.C. Circuit recently made clear in *United States v. Benton*, "*Reynoso* requires that [the court] reject [a] sufficiency-of-the-evidence challenge" when "[t]he law of our circuit at the time of trial did not require the government to prove" the disputed element. *United States v. Benton*, 98 F.4th 1119, 1132 (D.C. Cir. 2024). Based on these binding precedents, there can be no question that the government was under no obligation in Defendants' trial to prove violation of § 1512(c)(2) under the standard later described by the Supreme Court in *Fischer*. Thus, "a sufficiency claim is a non sequitur." *Reynoso*, 38 F.4th at 1091. The reversible error in Defendants' trial was an incorrect application of the

3

elements of the offense based on then-existing precedent, not insufficiency of the evidence. And because, unlike a sufficiency challenge, vacatur for the failure to correctly apply a statute does not result in an acquittal, the Double Jeopardy Clause does not bar retrial. *See id.*; *Bravo-Fernandez*, 580 U.S. at 9.

## II. Reconsideration is not warranted.

The reasoning of *Reynoso*, by extension, demonstrates why reconsideration is procedurally improper here. If, under existing precedent, the government did not need to prove that the Defendants "impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things," *Fischer*, 144 S. Ct. at 2190, the trial court cannot reconsider its verdict on the existing record. Even the outlier decision in *United States v. DaSilva*, No. 21-cr-545 (CJN), 2024 WL 519909 (D.D.C. Feb. 8, 2024)—which did not address the binding precedent of *Reynoso*, and which another court in this district recently declined to follow[1]—does not support reconsideration of the verdict here. The *DaSilva* court concluded that in the particular procedural posture of that case, "reconsideration would not harm the government" and was thus permissible because, in relevant part, the court was "simply assess[ing] the same evidence the government presented during the trial *in light of the same bench instructions the Court issued at the end of the trial*." *Id.* at *6 (emphasis added). The same cannot be said here, where the elements of the 18 U.S.C. § 1512 offense applied in any retrial would not the same ones the parties and the Court applied, in light of the D.C. Circuit's ruling in *Fischer*, at trial.

---

[1] *United States v. Maxwell*, No. 22-cr-99-RJL, ECF No. 100, at 2 (denying motion to reconsider a guilty verdict and noting that "[a]t this time, *DaSilva* is, of course, not binding on this Court, and I read the Federal Rules of Criminal Procedure and the limitations of my power (or lack thereof) to revisit findings of guilt differently").

4

Nor does judicial estoppel bar the government from arguing that reconsideration is not a proper remedy, as Defendants contend. ECF No. 133 at 9. Defendants point to an amicus brief the United States filed in *Smith v. Massachusetts*, where the question presented was "[w]hether the Double Jeopardy Clause bars a [state] trial court from reconsidering a ruling, made at the close of the prosecution's case, that the evidence is insufficient as a matter of law to sustain a conviction." *Brief of Amicus Curiae United States in Support of Respondent*, *Smith v. Massachusetts*, 543 U.S. 462 (No. 03-8661). An amicus brief by the government in a different case, involving different issues,[2] ultimately decided adversely to the government, does not give rise to judicial estoppel, which precludes a party from "taking a position that is inconsistent with one *successfully* asserted by the same party in a prior proceeding." *United States Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 477 (D.C. Cir. 1993) (emphasis added).

### III. Defendants' choice not to seek a new trial is immaterial, and their motion to dismiss is without merit.

Defendants misinterpret the procedural posture in this case, wrongly suggesting that the United States is seeking a new trial under Rule 33. Instead, a retrial is the remedy available to Defendants for the misapplication of the elements of Count One. If Defendants' convictions under Count One are vacated, Count One remains outstanding, and must be resolved—either by a new trial or, if Defendants so desire, a guilty plea. The Court does not need a pending motion for a new trial to be able to set Count One for trial following vacatur. And if Defendants do not wish to avail themselves of the only remedy available for this type of error, then the Court should deny their motion.

---

[2] As explained above, the error in this case is not related to sufficiency of the evidence but rather the elements of the offense of conviction. The Supreme Court in *Fischer* did not determine that the evidence was insufficient for Joseph Fischer's conviction, but instead that 18 U.S.C. § 1512(c)(2) reflects additional legal requirements beyond those found by the D.C. Circuit.

Perhaps trying to avoid this inevitable conclusion, Defendants renew their unsuccessful pretrial argument that Count One should be dismissed. ECF No. 133 at 1; *see also* ECF Nos. 34 & 38. But dismissal is not warranted where, as here, the charging document tracks the language of the statute. *See* ECF No. 131 at 9 n.3. Although the Court's denial of Defendants' prior motions to dismiss was largely prompted by its application of the D.C. Circuit's *Fischer* and *Robertson* decisions, those cases were not the only reason that dismissal was rejected. The Court found that Count One of the Indictment satisfied the constitutional and procedural requisites that require a plain, concise, and definite written statement of the essential facts constituting the offense charged. ECF No. 19 at 8-9.

> As the Court explained,
>
> Count One charges that, on January 6, 2021, "within the District of Columbia and elsewhere," defendants "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is . . . Congress's certification of the Electoral College vote[.]" Indictment at 1. By "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) the Indictment satisfies Rule 7(c)(1) and the "two constitutional requirements for an indictment," *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). The Indictment "set[s] forth all the elements necessary to constitute the offence intended to be punished." *Williamson*, 903 F.3d at 130 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Specifically, Count One informs defendants of the date, place, and precise offense of which they are accused, "parroting the language of a federal criminal statute," which "is often sufficient," *Williamson*, 903 F.3d at 130 (quoting *Resendiz-Ponce*, 549 U.S. at 109), to meet constitutional requirements.

*Id.* at 9. The Supreme Court's subsequent ruling in *Fischer*—which did not strike down the statutory language of 18 U.S.C. § 1512(c)(2)—does not undermine this determination. That is, the Indictment still echoes the operative statutory text while also specifying the time and place of the offense. The Indictment remains sufficient despite the fact that the legal instructions at trial, correct at the time, were later determined to be erroneous.

Defendants nonetheless contend that, because *Fischer* clarified what *conduct* satisfies that language, "[f]actual specificity is an indispensable component of a Section 1512(c)(2) indictment." ECF No. 133 at 2. They cite no support for the notion that a § 1512(c)(2) indictment must be charged differently from any other federal criminal charge for which tracking the language of the statute suffices, nor do they propose a standard against which a § 1512(c)(2) indictment should be measured short of providing Defendants with a full preview of the government's theory of the case at trial. The nature of Defendants' attack on the sufficiency of the indictment is, in effect, that it lacks evidentiary detail. That functionally amounts to a request for a bill of particulars, at best;[3] it certainly is not an appropriate basis to move to dismiss under Rule 12. Accordingly, dismissal of Count One is inappropriate.[4]

Moreover, Defendants' argument is an end-run around the rule allowing for retrial in precisely this situation: where the government proved its case under the law in place at the time of trial, but where a later change in the law results in a finding that there was legal error at the first trial. The government's ability to retry the case after such a legal error would become a nullity if

---

[3] The government does not concede that a bill of particulars would be appropriate here, and would address any such motion at the appropriate time. Defendants have already been provided full discovery and the parties have already conducted a stipulated trial. If an indictment or information "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

[4] Furthermore, if the case is set for retrial, the government reserves the right to bring a superseding indictment to cure any alleged insufficiency. Indeed, the government often seeks a superseding indictment, when permissible, to cure any perceived defects or clarify a matter. But doing so does not, nor should it, concede some legal infirmity.

a court could simply turn around and dismiss the indictment (which was correct at the time of trial) on the grounds that it has since been determined to be insufficient.[5]

## IV. Defendants' attacks on the sufficiency of the government's evidence are topics for retrial.

Defendants devote several pages of their reply to advancing their argument that the government would not be able to prove a violation of § 1512(c)(2) in this case under the standard stated in *Fischer*. *See* ECF No. 133 at 12-17. This is properly a topic for retrial, not a reply brief following conviction. To be clear, the government's brief synopsis of the relevant evidence in this case, *see* ECF No. 131 at 10, is not the sum total of evidence and argument the government would present at any retrial. At a new trial, the United States would not be limited to the evidence to which Defendants stipulated in January 2024, and the Government is permitted to argue that the evidence is sufficient to prove that Defendants themselves impaired or rendered unavailable records, documents, objects, or other things used in the electoral college certification, that they attempted to do so, or that they aided and abetted those that did, in violation of 18 U.S.C. §§ 1512(c) and 2. That said, the Government does not anticipate that substantial additional evidence would be required.

## Conclusion

The Court should deny the defendants' motions, vacate the defendants' convictions on Count One, and set for retrial on that count.

---

[5] For the same reason, if the Court is inclined to dismiss Count One at this juncture, it should do so without prejudice.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ *Monika (Isia) Jasiewicz*
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov

/s/ *Jordan A. Konig*
JORDAN A. KONIG
Supervisory Trial Attorney, Tax Division,
U.S. Department of Justice
Detailed to the U.S. Attorney's Office
For the District of Columbia
P.O. Box 7328, Washington, D.C. 20044
202-305-7917 (v) / 202-514-5238 (f)
Jordan.A.Konig@usdoj.gov