UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CARNELL and DAVID WORTH BOWMAN,<br><br>Defendants. | Criminal Case No. 23-139<br><br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER AND REVERSE THE COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS COUNT ONE**

Defendants Christopher Carnell and David Worth Bowman (collectively "defendants") were found guilty, at a bench trial on stipulated facts, of all seven charges against them, including, in Count One, Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Indictment, ECF No. 22; Min. Entry (Feb. 12, 2024).[1]  Between their conviction at the stipulated trial and sentencing, the Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024).

Defendants now seek reconsideration of their pretrial motion to dismiss Count One of the Indictment ("Defs.' MTD"). Defs.' Mot. to Reconsider & Reverse the Court's Denial of Defs.' MTD ("Defs.' Mot. to Reconsider), ECF No. 124; Def. Carnell's MTD Count One of the Indictment, ECF No. 34; Def. Bowman's Unopposed Mot. to Join Codef.'s Mots., ECF No. 38; Min. Order (Oct. 20, 2023) (granting Def. Bowman's Mot. to Join, ECF No. 38); Def. Bowman's Unopposed Mot.

---

[1] Defendants were also found guilty of two Class A misdemeanors and three Class B misdemeanors, namely: (1) Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2); (3) Entering and Remaining on the Floor of Congress under 40 U.S.C. § 5104(e)(2)(A); (4) Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G).  Indictment at 1-3.  Those remaining convictions are not at issue.

1

to Join Codef.'s Mot. for Reconsideration, ECF No. 129; Min. Order (July 3, 2024) (granting Def. Bowman's Mot. to Join, ECF No. 129). For the reasons explained below, this motion for reconsideration of defendants' pretrial motion to dismiss Count One is denied.

## I.  BACKGROUND

Briefly summarized from the parties stipulated statement of facts underlying their convictions at the bench trial, are the following highlights of their offense conduct. Defendants travelled from North Carolina to Washington, D.C. to attend the former president's rally at the Ellipse on January 6, 2021. Statement of Facts & Elements for Stipulated Trial of Carnell ("Carnell Stip. Facts") ¶ 11, ECF No. 76-1; Statement of Facts & Elements for Stipulated Trial of Bowman ("Bowman Stip. Facts") ¶ 11, ECF 76-2. After the rally, defendants marched to the Capitol, entered the restricted area on Capitol Grounds, climbed through scaffolding on the northwest side of the Capitol and unlawfully entered the Capitol through a breached Senate Wing door at approximately 2:23 p.m. Carnell Stip. Facts ¶¶ 12-15; Bowman Stip. Facts ¶¶ 12-15. Once inside the Capitol building, defendants made their way onto the Senate floor where they observed and joined other rioters rummaging through and looking at papers on the dais and Senators' desks. Carnell Stip. Facts ¶¶ 16-20; Bowman Stip. Facts ¶¶ 16-22, 25.

Prior to the stipulated bench trial, defendants sought to dismiss Count One on grounds that the charge lacked specificity and failed to state an offense, under the Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (b)(3)(B)(v), and violated their Fifth Amendment Due Process rights under the U.S. Constitution. Defs.' MTD at 19-25. This motion was denied. *See* Mem. and Order ("Mem. & Order"), ECF No. 75.

Defendants then proceeded to the stipulated bench trial, at which they were found guilty of all six charges against them, including Count One, in reliance on then prevailing law defining the elements found in 18 U.S.C. § 1512(c)(2). *See United States v. Fischer*, 64 F.4th 329 (D.C.

Cir. 2023), *overruled by Fischer v. United States*, 144 S. Ct. 2176 (2024); *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), *amended and superseded by United States v. Robertson*, 103 F.4th 1 (D.C. Cir. 2023). As part of this trial, the parties stipulated not only to the factual predicate and elements of the offense applicable to Count One, but defendants also agreed, without waiving any arguments they raised in their pretrial motion to dismiss this charge, that "the Court may find that the government has met its burden of establishing all of the elements of 18 U.S.C. § 1512(c)(2) and may find the defendant guilty on Count One." Carnell Stip. Facts, ¶ 23; Bowman Stip. Facts at ¶ 30. The elements applied to Count One at the stipulated trial in this case were rendered incorrect, however, by the U.S. Supreme Court's subsequent decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), which held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." 144 S. Ct. at 2190.

## II.    DISCUSSION

In view of the Supreme Court's *Fischer* decision, defendants seek reconsideration of the denial of their pretrial motion to dismiss Count One, arguing that the basis on which their original dismissal motion "was denied has been rendered incorrect as a matter of law by the Supreme Court's holding in *Fischer*," Defs.' Mot. to Reconsider at 2, since Count One is "unbound by Subsection [1512] (c)(1)'s requirement that the alleged *actus reus* be tethered to 'record,' 'document,' or other 'object,' and a defendant's alleged attempt or impairment of the availability or integrity for use in an official proceeding of such object," *id.* at 3. While absolutely correct, and undisputed by the government, that the elements applied for Count One at the stipulated bench trial are now, post-*Fischer*, incorrect, their conclusion that this requires

3

revisiting and reversing the prior denial of their motion to dismiss misapprehends the legal standard for assessing the sufficiency of an indictment.

At the outset, "[m]otions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (cited approvingly in *United States v. Trabelsi*, 28 F.4th 1291, 1297 (D.C. Cir. 2022) for principle that the standard applied in reviewing denial of a motion to reconsider in a civil case is "the same standard applie[d] to a denial of a motion for reconsideration in a criminal case"). When considering a motion for reconsideration in the criminal context, judges "import[] the standards of review applicable in motions for reconsideration in civil cases," *United States v. Sutton*, Crim. No. 21-0598 (PLF), 2022 WL 11744415, at *2 (D.D.C. Oct. 20, 2022) (quoting *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015)), and apply "an as justice requires standard," *id.* (quoting *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009)). This standard encompasses consideration of "whether [the Court] 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or [whether] a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" *Id.* at *2 (quoting *Hassanshahi*). While the law regarding what the government must prove to convict defendants of violating 18 U.S.C. § 1512(c)(2) has been altered by *Fischer*, the law governing what a charging document must contain has not.

The same reasons previously explained for denying defendants' original motion to dismiss continue to apply. Namely, Count One of the Indictment contains the necessary information "inform[ing] the defendant[s] of the nature of the accusation[s] against [them]."

4

*Russell v. United States*, 369 U.S. 749, 767 (1962).  To meet the requirements of Federal Rule of Criminal Procedure 7(c)(1), "'[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'"  *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  This was all previously explained in this Court's Memorandum and Order denying defendants' motion to dismiss Count One, stating:

> Count One charges that, on January 6, 2021, "within the District of Columbia and elsewhere," defendants "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is . . . Congress's certification of the Electoral College vote[.]" Indictment at 1. By "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018) the Indictment satisfies Rule 7(c)(1) and the "two constitutional requirements for an indictment," *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). The Indictment "set[s] forth all the elements necessary to constitute the offence intended to be punished." *Williamson*, 903 F.3d at 130 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Specifically, Count One informs defendants of the date, place, and precise offense of which they are accused, "parroting the language of a federal criminal statute," which "is often sufficient," *Williamson*, 903 F.3d at 130 (quoting *Resendiz-Ponce*, 549 U.S. at 109), to meet constitutional requirements.

Mem. & Order at 9.

*Fischer* did not alter the language found in 18 U.S.C. § 1512(c)(2).  Consequently, defendants' arguments do not undermine the conclusion that the Indictment echoes the statutory text found in 18 U.S.C. § 1512(c)(2) and specifies the time and place of the offense.  Defendants' have thus failed to carry their burden in demonstrating that any error was made in denying their pretrial dismissal motion to warrant reconsideration, particularly at this procedural juncture when they are awaiting sentencing on their convictions at a stipulated bench trial.  The fact that both defendants and the government agree that their convictions on Count One are no longer valid

post-*Fischer*, Defs.' Mot. for Reconsideration at 2; Gov't's Resp. to Defs.' Mots. to Reconsider Convictions on Count One at 7-8, ECF No. 131, due to application at the stipulated bench trial of legal elements made erroneous by *Fischer*, simply has no effect on the continued validity of the reasoning underlying the denial of their pretrial motion to dismiss Count One.

### III. CONCLUSION AND ORDER

For the foregoing reasons and reasons previously detailed in the Memorandum and Order denying defendants' original motion to dismiss Count One, it is hereby—

**ORDERED** that defendants' Motion to Reconsider and Reverse the Court's Denial of Defendants' Motion to Dismiss Count One, ECF No. 125, is **DENIED**.

**SO ORDERED.**


Date: October 7, 2024

                                                                                      **BERYL A. HOWELL**
                                                                                      United States District Judge