UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CARNELL and DAVID WORTH BOWMAN,<br><br>Defendants. | Criminal Case No. 23-139<br><br>Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER AND REVERSE FINDING OF GUILT ON COUNT ONE, AND VACATING CONVICTIONS ON COUNT ONE**

Defendants Christopher Carnell and David Worth Bowman (collectively "defendants") have moved to reverse their findings of guilt, at a bench trial on stipulated facts, on Count One of the Indictment, charging them with Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Defs.' Mot. to Reconsider and Reverse Finding of Guilt on Count One ("Defs.' Mot. to Reverse"), ECF No. 124; Def. Bowman's Mot. to Join, ECF No. 129; Min. Order (July 3, 2024) (granting Def. Bowman's Mot. to Join, ECF No. 129).[1] After the bench trial, but before their sentencing, the Supreme Court issued its opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024), which indisputably requires different elements of the offense than those applied at the bench trial to support a finding of guilt on Count One. Defendants, however, cite no procedural rule or statutory authority, for the relief they seek of "find[ing] the Defendants *not guilty*," and rely instead on the "the Court's authority to exercise the power of

---

[1] Defendants were also found guilty of two Class A misdemeanors and three Class B misdemeanors, namely: (1) Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2); (3) Entering and Remaining on the Floor of Congress under 40 U.S.C. § 5104(e)(2)(A); (4) Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D); and (5) Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G). Indictment at 1-3, ECF No. 22. Those remaining convictions are not at issue.

1

reconsideration." Def. Carnell's Resp. to Gov't's Surreply ("Defs.' Resp.") at 2, ECF No. 140; Def. Bowman's Mot. to Join, ECF No. 141; Min. Order (Oct. 3, 2024) (granting Def. Bowman's Mot. to Join, ECF No. 141). For its part, the government opposes defendants' reliance on the Court's inherent authority and insists that defendants' motion be construed as seeking relief under Rule 33(a) or 29(c) of the Federal Rules of Criminal Procedure, Gov't's Resp. to Defs. Mot. to Reconsider Convictions on Count One ("Gov't's Opp'n") at 3-9, ECF No. 131, notwithstanding defendants' emphatic and express refusal to invoke these rules. *See, e.g.*, Defs.' Joint Reply ("Defs.' Reply") at 3, ECF No. 133 (noting that defendants have not "made a motion for a new trial . . . under Rule 33," and neither "wants or seeks a new trial" so "[t]his Court is left without the ability to utilize Rule 33"); *id.* at 8 (defendants "are not seeking a Rule 29 acquittal; instead, the defendants are seeking reconsideration of the verdict."); Defs.' Resp. at 2 ("Motions not pending before the Court: Motion for a New Trial") (emphasis in original).

After volleys of briefing over the proper procedural mechanism to vacate defendants' convictions on Count One, the dispute is now ripe for resolution. *See* Defs.' Mot. to Reverse; Gov't's Opp'n; Defs.' Reply; Gov't's Surreply to Defs.' Joint Reply Br. ("Gov't's Sur-Reply"), ECF No. 139; Defs.' Resp.; Def. Bowman's Mot. to Join, ECF No. 141; Min. Order (Oct. 3, 2024) (granting Def. Bowman's Mot. to Join, ECF No. 141).

I.   BACKGROUND

Briefly summarized from the parties stipulated facts underlying their convictions at the bench trial, are the following pertinent facts. On January 6, 2021, defendants travelled from North Carolina to Washington D.C. to attend a rally at the Ellipse which featured the former president as a speaker. Carnell Stip. Facts at ¶ 11; Bowman Stip. Facts at ¶ 11. After the speeches concluded, defendants made their way to the Capitol and entered the restricted area on

Capitol Grounds.  Carnell Stip. Facts ¶¶ 12-13; Bowman Stip. Facts ¶¶ 12-13.  They climbed through scaffolding on the northwest side of the Capitol and entered the Capitol building, with no lawful authority, through a breached Senate Wing door at approximately 2:23 p.m.  Carnell Stip. Facts ¶¶ 14-15; Bowman Stip. Facts ¶¶ 14-15.  Defendants then continued inside the Capitol building through the Crypt and the Capitol Rotunda, and then ascending the Rotunda East Stairs to enter the Senate chamber.  Carnell Stip. Facts ¶¶ 16-19; Bowman Stip. Facts ¶¶ 16-19.  On the Senate floor, the defendants observed and discussed with other rioters documents found in and on the desks of U.S. Senators.  Carnell Stip. Facts ¶ 20; Bowman Stip. Facts ¶ 21.  For example, defendant Carnell responded to an individual who rummaged through documents associated with Senator Ted Cruz (R-TX), insisting that "[Ted Cruz] is on our side. He's with us."  Carnell Stip. Facts ¶ 20; Bowman Stip. Facts ¶ 21.  Defendant Bowman photographed another rioter holding a letter from Senator Mitt Romney (R-UT) to Vice President Mike Pence while on the Senate floor and later shared it via text.  Bowman Stip. Facts ¶¶ 20, 25.  Defendants left the Senate chamber at 2:55 p.m.  Carnell Stip. Facts ¶ 21; Bowman Stip. Facts ¶ 23.

The parties appeared for a stipulated bench trial, on February 12, 2024, and were found guilty on all counts.  Min. Entry (Feb. 12, 2024). [2]  As part of this trial, the parties stipulated not only to the factual predicate and elements of the offense applicable to Count One, but defendants also agreed, without waiving any arguments they raised in their pretrial motion to dismiss this charge, that "the Court may find that the government has met its burden of establishing all of the elements of 18 U.S.C. § 1512(c)(2) and may find the defendant guilty on Count One."  Carnell Stip. Facts, ¶ 23; Bowman Stip. Facts at ¶ 30.  While awaiting sentencing, the elements applied

---

[2]   Prior to trial, defendants moved to dismiss Count One, Defs.' Mot. to Dismiss at 25, ECF No. 34, which motion was denied, Mem. & Order at 7-14, ECF. No. 75.  Defendants motion for reconsideration of the denial of their motion to dismiss, post- *Fischer v. United States*, 144 S. Ct. 2176 (2024), has been denied in a separate Memorandum and Order. *See* Mem. & Order, ECF No. 142.

to Count One at the stipulated trial in this case were rendered incorrect by the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), which held that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that a defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so."  144 S. Ct. at 2190.  In this procedural posture, defendants seek the exercise of the inherent judicial authority to reverse the prior findings of guilt on Count One at the stipulated trial, eschewing reliance on the more obvious procedural options for addressing the application of now-erroneous legal instructions by setting aside the finding of guilt on this charge and obtaining a new trial.

## II.     DISCUSSION

The parties agree that defendants' convictions on the felony obstruction charge in Count One are invalid since the legal elements previously stipulated to are now invalid under *Fischer*, 144 S. Ct. at 2190.  *See* Defs.' Mot. to Reverse at 4; Gov't's Opp'n at 10.  They immediately diverge, though, on how to effectuate that result.  Defendants cite no rule under the Federal Rules of Criminal Procedure as a mechanism to reach the relief they request, insisting that a judicial exercise in inherent authority permits reversal of their guilty convictions.  Defs.' Mot. to Reverse at 4; Defs.' Resp. at 3, 8.  Indeed, they expressly disavow moving under Rule 33(a), which permits a court, "[u]pon the defendant's motion," to "vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. PRO. 33(a); Defs.' Reply at 3.  Defendants similarly deny moving under Rule 29(c), which governs motions for acquittal after a verdict has been rendered.  Defs.' Reply at 7-8.  Defendants' strategy is apparently based on their

view that reliance on these Rules could waive the protection afforded to them under the Constitution's Double Jeopardy clause, U.S. Const. Amdt. 5.  Defs.' Reply at 9-11.[3]

Meanwhile, the government offers no viable procedural mechanism to correct the legally erroneous finding of the stipulated elements on Count One.  Gov't Opp'n at 7-10.  The government takes the position that no judicial inherent authority exists in this circumstance and urges invocation of the procedures for a new trial, under Rule 33(a), and to set aside the verdict, under Rule 29(c), without grappling with the fact that these rules expressly require a defendant's motion.  *See* Gov't's Opp'n at 3-9; *see also* FED. R. CRIM. P. 29(c)(1) ("A defendant may move . . . ."); *id.* 33(a) ("Upon the defendant's motion . . . ."); Defs.' Reply at 3 ("The Government has no recourse under Rule 33."); *id.* at 8 ("[T]here is no defense motion for a new trial before this Court.").  Without defendants making the necessary motions, timely or not, these Rules do not permit the government to do so.

The peculiar situation presented is that the parties have no agreed-upon path to correct the error of relying on now-invalid elements to which the parties stipulated for the findings of guilt on Count One.  As discussed in more detail below, recognizing that defendants explicitly disclaim seeking relief under Rule 29(c) or Rule 33(a), reliance on inherent judicial authority, even if possible, is unnecessary.  Rule 52(b) provides for "plain error" review to vacate defendants' convictions on Count One.  FED. R. CRIM. P. 52(b).

**A. Inherent Authority**

Defendants argue that their convictions can be reversed through a judicial exercise of inherent authority.  Defs.' Mot. to Reconsider at 4; Defs.' Resp. at 3, 8.  In support of this theory, they rely on *United States v. DaSilva*, No. 21-cr-564 (CJN), 2024 WL 519909 (D.D.C. Feb. 8,

---

[3] Resolving the current dispute does not require expressing a view on the merits, or lack thereof, of the parties' arguments regarding the Double Jeopardy clause.

5

2024).  In *DaSilva*, defendant was convicted, for his offense conduct at the U.S. Capitol on January 6, 2021, at a bench trial on three misdemeanor counts of violating 18 U.S.C. § 1752(a)(1), (2), and (4).  2024 WL 519909 at *1.  The same Judge who presided at the bench trial later held, in *United Sates v. Elizalde*, No. 23-cr-179 (CJN), 2023 WL 854932 (D.D.C. Dec. 1, 2023), that the statute required an additional *mens rea* finding to convict the defendant.  *Id.* (discussing *Elizalde*).  *Elizalde* conflicts with decisions of other Judges on this Court, with the specific issue pending before the D.C. Circuit for almost two years.  *See, e.g., United States v. Griffin*, 549 F. Supp. 3d 49 (D.D.C. 2021), *appeal docketed*, No. 22-3042 (D.C. Cir. June 29, 2022) (argued December 4, 2023); *see also United States v. Vaglica*, No. 23-429 (CKK), 2024 WL 4244279, at *3-4 (D.D.C. Sep. 19, 2024) (observing that "[C]ourts in this District have 'split nearly down the middle' on the issue of whether offenses under Section 1752(a) require knowledge of a Secret Service protectee's presence." (quoting *United States v. Easterday*, No. 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024), *appeal docketed*, No. 24-3053 (D.C. Cir. May 7, 2024)); *Easterday*, 2024 WL 1513527, at *10 (collecting cases).  Absent binding precedent, the *DaSilva* court held that courts have inherent authority to reconsider interlocutory orders which "logically extend[ed] to findings of guilt in bench trials," 2024 WL 519909, at *4, concluding that "reconsideration would not harm the government" and was permissible because the court was "simply assess[ing] the same evidence the government presented during the trial in light of the same bench instructions the Court issued at the end of the trial," *id.* at *6.

  *DaSilva*'s reasoning that district courts have inherent authority to vacate a finding of guilt after a stipulated bench trial and treating such a conviction like an interlocutory order has been rejected by at least one other Judge on this court.  *United States v. Maxwell*, Crim. Case No. 22-

cr-00099 (RCL), ECF. No. 100 (Sept. 17, 2024), at *3 (denying defendant's motion to review and reconsider his guilty verdict, following a stipulated trial, for violating of 18 U.S.C. § 231(a)(3), without a Rule 29(c) motion and distinguishing *DaSilva,* writing "I read the Federal Rules of Criminal Procedure and the limitations of my power (or lack thereof) to revisit findings of guilt differently"). Indeed, the Supreme Court has made clear that "[w]hatever the scope of this 'inherent power,' . . . it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure." *Carlisle v. United States*, 517 U.S. 416, 426 (1996). Without deciding whether inherent authority exists to correct a finding of guilt in the circumstances present in *DaSilva*, where no binding precedent confirms that an error occurred, given the panoply of procedural rules available for defendants to set aside their guilty verdicts, post-*Fischer*, on Count One, *see* FED. R. CRIM. P. 29(c), 33(b), reliance on such inherent authority is unnecessary. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (holding that a use of inherent authority "cannot be contrary to any express grant of, or limitation on, the district court's power contained in rule or statute.").

### B. Rule 52(b)

Despite the parties' positions, procedures do exist to correct the application of erroneous elements on Count One at the stipulated trial. Otherwise, if defendants' invitation to exercise inherent judicial authority to reverse the finding of guilt as to Count One were declined, and absent defense motions, under Rule 29(c) and 33(a), to set aside or have a new trial on this charge, the instant motion could simply be denied. Then, the case would proceed to sentencing, after which, defendants could appeal their convictions and sentences to the D.C. Circuit, inevitably resulting in vacatur of their convictions on Count One and remand for a new trial. This hypothetical route would be a waste of time for the parties and judicial resources as this Court and the parties agree that the finding of guilty on Count One cannot stand post-*Fischer*.

7

The solution in this circumstance is obvious.  Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  FED. R. CRIM. P. 52(b).  The "plain error rule was erected to serve interests of judicial efficiency as well as fairness and reflects a 'careful balancing of our need to encourage all trial participants to seek a fair and accurate trial the first time around against our insistence that obvious injustice be promptly redressed.'"  *United States v. Gabriel*, No. 2-216 (JDB), 2005 WL 1060631, at *7 (D.D.C. May 4, 2005) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).  Under Rule 52(b), "[t]o be plain, any error 'must be clear or obvious, rather than subject to reasonable dispute.'"  *United States v. Hale-Cusanelli*, 628 F. Supp. 3d 320, 326-27 (D.D.C. 2022) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  The error "must be prejudicial, meaning it 'affect[s] substantial rights' or the outcome of the prior proceeding."  *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Courts in this district routinely apply the Rule 52(b) standard when reviewing objections and arguments raised in post-trial motions made under Rule 29 and Rule 33.  *See, e.g.*, *Hale-Cusanelli*, 628 F. Supp. 3d at 326-29 (applying plain error standard under Rule 52(b) to evaluate untimely objections made under Rule 33); *United States v. Benton*, 656 F. Supp. 3d 1, 4, 7-9 (same); *United States v. Childress*, 746 F. Supp. 1122, 1128 n.9 (D.D.C. 1990) (same); *United States v. Williams*, 825 F. Supp. 2d 128, 132 (D.D.C. 2011) (citing authority and applying Rule 52(b)'s plain error standard to evaluate defendant's Rule 33 and Rule 29 motions); *United States v. Clarke*, 767 F. Supp. 2d 12, 24, 84-85 (D.D.C. 2011) (same).  Rule 52(b)'s plain-error standard "is permissive, not mandatory," and "the standard . . . should guide the exercise of remedial discretion under Rule 52(b)."  *Henderson v. United States*, 568 U.S. 266, 272 (2013) (quoting *United States v. Olano*, 507 U.S. 725, 735 (1993)).

Post-*Fischer v. United States*, 144 S. Ct. 2176 (2024), defendants' convictions on Count One were based on plain error because the guilty verdict relied on the stipulated elements the D.C. Circuit laid out as constituting an offense under 18 U.S.C. § 1512(c)(2), *see* Carnell Stip. Facts ¶¶ 23-24; Bowman Stip. Facts ¶¶ 30-31, which the Supreme Court later nullified. *Fischer*, 144 S. Ct. at 2190. By failing to include the elements at the stipulated trial that were subsequently announced in *Fischer*, the Court finds that the error is now plain and affected the defendants' substantial rights. *See Johnson v. United States*, 520 U.S. 461, 468 (1997) (holding that an error can be plain under Rule 52(b) when the law at the time of trial was settled but later, because of an intervening decision of a higher court, is clearly contrary to the newly controlling law); *Henderson*, 568 U.S. at 279 (holding that an error can be plain under Rule 52(b) even if the law at the time of trial was unsettled but later, because of an intervening decision of a higher court, is clearly contrary to the newly controlling law). Consequently, due to plain error, defendants' conviction on Count One must be vacated.

As to what happens next, the D.C. Circuit's decision in *Hull v. United States*, 390 F.2d 462 (D.C. Cir. 1968), is instructive since, in that case, the appellate court narrowed the construction of the statute for which the defendant had been convicted at a bench trial, resulting in a remand of the case for a new trial. In *Hull*, the defendant was convicted at a bench trial of violating 35 U.S.C. § 33, but the written findings of fact failed to explain how the trial court interpreted and applied the statute. The D.C. Circuit was therefore "unable to say, at least with the assurance requisite in a criminal case, that the conclusion of guilt is founded upon a correct construction of the statute" and, without "know[ing] with certainty what the verdict would have been if the facts found had been viewed in the light of a proper interpretation, a new trial is required." *Id*. at 463. Moreover, based on "a reading of the transcript of the trial, and bearing in

mind the argument made to us in this court," the Court found to be "plain that the prosecution did not try appellant on the theory" consistent with the correct interpretation of the statute nor "any clear indication that [the district court] interpreted the statute as do we." *Id*. at 466.  Noting "[e]ven though we might feel that there was evidence in the record" to support the conviction, the Court explained that "it would not be proper for us to affirm a criminal conviction where the initial trier of the issue of guilt or innocence did not weigh the evidence by that standard," nor "would it be appropriate for us to remand the case for reconsideration by the trial court upon the basis that, if it will re-examine the evidence by reference to a standard upon which the case was neither tried nor decided, the conviction can stand." *Id*.  Instead, "[u]nder the circumstances, we think a new trial is necessary in which the Government can assemble and present its evidence by reference to the narrower reading of the statute which we think requisite." *Id*.

Here, even more "plain[ly]" than in *Hull*, the interpretation of the obstruction statute applied at the stipulated trial was erroneous and, thus, as in *Hull*, "a new trial is necessary." *Id*.  Yet, as defendants point out, without a defense motion, "[t]his Court is left without the ability to utilize Rule 33" to order a new trial.  Defs.' Reply at 3 (citing *United States v. Marquez*, 291 F.3d 23, 27-28 (D.C. Cir. 2002) (citing *United States v. Smith*, 331 U.S. 469, 473-74 (1947))).  Defendants' position seems incongruous that the Court may exercise inherent authority to correct an error in legal instructions to reverse a prior finding of guilt at a bench trial but may not employ any other remedy to effectuate such correction.  To be sure, due to Rule 33's limitations, the remedy of ordering a new trial may be unavailable.  *See United States v. Smith*, 331 U.S. 469, 473-74 (1947) (rejecting the argument that a trial court retains the power to grant a new trial on its own motion after the expiration of the time provided in Rule 33); *see also* FED. R. CR. P. 33, advisory committee's note to 1966 amendment ("The amendments . . . make it clear that a judge

10

has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. Problems of double jeopardy arise when the court acts on its own motion."). The district court's power under Rule 52(b), however, remains to correct a plain error in a finding of guilt, predicated on erroneously construed legal elements at a bench trial, by vacating that conviction. That is the remedy directed here.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby—

**ORDERED** that defendants' Motion to Reconsider and Reverse the Court's Finding of Guilt on Count One Based on the Supreme Court's Ruling in *Fischer v. United States*, ECF No. 124 is **DENIED**; it is further

**ORDERED** that defendant Christopher Carnell's conviction on Count One of the Indictment for violating 18 U.S.C. § 1512(c)(2) is **VACATED**; it is further

**ORDERED** that defendant David Bowman's conviction on Count One of the Indictment for violating 18 U.S.C. § 1512(c)(2) is **VACATED**; it is further

**ORDERED** that the parties submit a joint status report by October 21, 2024, advising the Court on a schedule for further proceedings in this case.

**SO ORDERED.**

Date: October 7, 2024

_____
**BERYL A. HOWELL**
United States District Judge